### CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Christopher L. Langley

April 15, 1993

Case No. (Criminal) 79431

BY JUDGE ARTHUR B. VIEREGG, JR.

The defendant, Christopher L. Langley is charged with a violation of Virginia Code § 18.2-427, i.e., that he used obscene and indecent language in a telephone call to threaten an illegal or immoral act with intent to intimidate his wife, Linda A. Langley. At the time, the Langleys were separated. In late January, 1993, and after the alleged offense, they were divorced. The Fairfax Juvenile and Domestic Relations General District Court convicted Langley of a violation of § 18.2-427. He has appealed that conviction.

On April 9, 1993, this Court heard argument with regard to Langley's motion, *inter alia*, to exclude certain testimony of his former wife (even if threats were made in the course of it) which constituted a "communication privately made by one [spouse] to another while married" within the meaning of Virginia Code § 8.01-398 (interspousal confidential communication privilege statute). He accordingly contends that such testimony cannot be introduced at his trial without his consent. It is reasonably clear that such consent will not be forthcoming.

Section 8.01-398 which modifies the interspousal confidential communication privilege contains express language indicating that it applies to "civil" litigation. The Supreme Court of Virginia, however, has held that it also applies to criminal cases as well. *Church v. Commonwealth*, 230 Va. 208, 214 (1985). The Court reached this conclusion because of the provisions of § 19.2-271.2 which govern those cases when one spouse is competent to testify against another. It provides in significant part:

Section 19.2-271.2. *Testimony of husband and wife in criminal cases.* — In criminal cases husband and wife shall be allowed, and subject to the rules of evidence governing other witnesses *and subject to the exception stated in Section 8.01-398,* may be compelled to testify in behalf of each other, but neither shall be compelled, nor, without the consent of the other, allowed to be called as a witness against the other, except (i) in the case of a prosecution for an offense committed by one against the other or against a minor child of either, (ii) in any case where either is charged with forgery of the name of the other or uttering or attempting to utter a writing bearing the allegedly forged signature of the other or (iii) in any proceeding relating to a violation of the laws pertaining to criminal assault . . . .

*In the prosecution for a criminal offense committed by one against the other . . . each shall be a competent witness except as to a privileged communication.*

(Emphasis added). The Court held that the explicit reference in Section 19.2-271.2 to the spousal confidential communication statute "had the effect of retaining, as part of our law of criminal procedure, the historic interspousal confidential communication privilege . . . notwithstanding confinement [of it] to 'civil actions'." *Church,* 230 Va. at 214.

Relying upon *Menefee v. Commonwealth,* 189 Va. 900 (1949), conversation with his wife, which gives rise to his prosecution, must, by definition, have been a confidential communication, i.e., a "communication privately made," within the meaning of § 8.01-398, and that it is therefore privileged. Langley's position that even threats may fall within the ambit of a privileged interspousal confidential communication is arguably correct in view of the expansive definition of interspousal confidential communications given by the Court in *Menefee:*

It is difficult to formulate any rule by which various matters transpiring between spouses may be readily catalogued and correctly classified as "communications privately made." Yet, in our opinion, *the immunity and ban of the statute applies to and includes all information or knowledge privately imparted and made known by one spouse to the other by virtue of and in consequence of the marital relation through conduct, acts, signs, and spoken or written words.*

(Emphasis added.) 189 Va. at 912. Ms. Langley's knowledge of her husband's threats was indisputedly gained in the course of a private conversation with her husband which related to, and therefore arose as a consequence of, their marriage.

If this Court's analysis were to end at this point, it would be left with the counter-intuitive proposition that on one hand the General Assembly has enacted § 18.2-427 making it an offense for anyone to use obscene or indecent language to threaten anyone (including his or her spouse), while it has also enacted the interspousal confidential communication statute which would negate virtually the prosecutions of all violations of § 18.2-427 involving telephone threats made by one spouse against another.

When this matter was initially argued before the Court on April 9, 1993, the Assistant Commonwealth's Attorney, Mr. James Bittner, referred this Court to the concluding portion of § 8.01-398. It provides:

> B. The provision in subsection A of this section [creating the interspousal confidential communication privilege] shall not apply in those instances where the law of this Commonwealth confers upon a spouse a right of action against the other spouse.

He argued that it created an exception covering the instant case. At the time counsel for Mr. Langley, Mr. Roach, suggested that subsection B obviously applied only to civil cases. This Court was inclined to agree. Upon further reflection, however, subsection A, relied upon as a shield by Mr. Langley, contains language suggestive that it too only apples to civil cases. It is only by reference to § 19.2-271.2 that its applicability to criminal cases can be gleaned. But § 19.2-271.2 does not incorporate by reference only subsection A of § 8.01-398, it incorporates all of § 8.01-398. As a consequence, this Court adopts Mr. Bittner's argument that the interspousal confidential communication privilege does *not apply* to those criminal cases involving an offense committed by one spouse against another, the analog to "those instances [in civil cases] where the law . . . confers upon a spouse a right of action against the other spouse."

In view of the foregoing analysis and decision, the defendant's former spouse is not only competent to testify against her husband at trial consistent with § 19.2-271.2, but the telephonic threats against her consistent with the exception in § 8.01-398(B) may be given in evidence.